**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
In re:                              )  Chapter 11
                                    )
WASHINGTON MUTUAL, INC., et al.     )  Case No. 08-12229 (MFW)
                                    )
            Debtors.                )  (Jointly Administered)
_____)
                                    )
MARK J. SUTTON                      )
                                    )
            Plaintiff,              )
                                    )
      v.                            )  Adv. No. 16-51043 (MFW)
                                    )
JP MORGAN CHASE BANK, N.A.,         )  D.I. 1, 8, 9, & 10
WASHINGTON MUTUAL, INC., AND        )
CHARLES H. BILLINGHAM, SHERIFF      )
OF CAMDEN                           )
                                    )
            Defendants.             )
_____)
```

**<u>MEMORANDUM OPINION</u>**[1]

Before the Court is a Motion to Dismiss the Complaint and to Transfer Venue filed by WMI Liquidating Trust (the "Liquidating Trust") in an adversary proceeding brought by Mark J. Sutton (the "Plaintiff"). In its Motion, the Liquidating Trust seeks to dismiss the Complaint for lack of service and failure to state a claim for relief and to transfer venue to the jurisdiction where the Plaintiff's individual bankruptcy case is pending. Because the Court finds that the Liquidating Trust has satisfied its

---

[1] The Court is not required to state findings of fact or conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure. Instead, the facts averred in the Complaint must be accepted as true for purposes of this Partial Motion to Dismiss. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

burden, the Court will grant the Motion to Dismiss. Although the Motion to Transfer Venue is thereby moot, the Court will <u>sua sponte</u> transfer venue as to the remaining defendants named in the Complaint because it does not affect the administration of this case.

I.   <u>BACKGROUND</u>

   A.   <u>Factual Background</u>

On or about July 16, 2001, the Plaintiff and Washington Mutual Home Loans, Inc., ("WaMu Home Loans") executed a loan agreement and note to allow the Plaintiff to purchase a house in New Jersey. The Plaintiff made monthly mortgage payments for a period of time, but in January 2015, an order of eviction was entered and executed on the Plaintiff's home. Events surrounding the eviction are the basis for the Plaintiff's Complaint.

In the interim, on September 26, 2008, Washington Mutual, Inc. (the "Debtor") filed a chapter 11 petition in this Court. The Debtor was in the savings and loans business. Washington Mutual Bank, Inc. ("WaMu Bank") was the Debtor's principal subsidiary and WaMu Home Loans was a subsidiary of WaMu Bank. One day before the petition was filed, WaMu Bank entered receivership and was transferred to JPMorgan Chase Bank, N.A. ("JPMorgan"). After confirmation of the Debtor's plan on February 12, 2012, the Liquidating Trust became the Debtor's successor in interest.

B.  Procedural Background

On March 8, 2016, the Plaintiff filed an individual chapter 13 bankruptcy petition in the District of New Jersey, which is still pending.  On August 9, 2016, the Plaintiff filed a pro se complaint (the "Complaint") in the Debtor's chapter 11 bankruptcy case, seeking an order directing the Debtor to allow him or a nominee to repurchase his home at nominal cost.  Pretrial conferences were held in October and November 2016.  The Liquidating Trust attended the November hearing after it saw the transcript from the October hearing on the docket.  Both hearings were continued to allow the Plaintiff to serve the Complaint and Summons and Notice on the proper parties.  At the third pretrial hearing held in January 2017, neither the Debtor nor the Liquidating Trust had been served the Complaint or Summons and Notice.  The Court continued the hearing to allow the Liquidating Trust to file a response.  On March 6, 2017, the Liquidating Trust filed the instant Motion to Dismiss and Transfer Venue.  Briefing is complete, and the matter is now ripe for consideration.

II. JURISDICTION

The Court has jurisdiction over this proceeding and may enter a final order.  28 U.S.C. §§ 1334 and 157(b).  See Popple v. Elliott Greenleaf & Siedzikowski, P.C. (In re Popple), 532

B.R. 581 (Bankr. M.D. Pa. 2015) (exercising jurisdiction over a motion to dismiss); <u>DHP Holdings II Corp. v. Home Depot, Inc. (In re DHP Holdings II Corp.)</u>, 435 B.R. 264, 268 (Bankr. D. Del. 2010) (stating that a court has jurisdiction over motions to transfer venue, which are core proceedings).

III. <u>DISCUSSION</u>

    A.    <u>Parties' Arguments</u>

The Liquidating Trust argues that the Complaint should be dismissed for insufficient service and failure to state a claim. According to the Liquidating Trust, the Plaintiff served neither the Complaint nor the Summons and Notice upon the Liquidating Trust within 90 days, as required by Rule 4(m) of the Federal Rules of Civil Procedure, which is incorporated in Rule 7004(c)(1) of the Federal Rules of Bankruptcy Procedure. Moreover, the Liquidating Trust asserts that the Debtor is no longer the parent company of WaMu Bank or WaMu Home Loans, which means that the Complaint does not state a claim for relief against the Liquidating Trust.  The Liquidating Trust alternatively asserts that justice, fairness, and convenience warrants transferring venue to the District of New Jersey where the Plaintiff's bankruptcy case is pending.

    The Plaintiff, who is proceeding pro se, opposes the Liquidating Trust's Motion on the grounds that the Liquidating

Trust attended the November pretrial hearing, thus proving that service was properly effectuated. According to the Plaintiff, the Complaint should proceed against the Liquidating Trust because it, along with the other defendants, is attempting to shift blame to others to get the Complaint dismissed on a technicality. Because he asserts that the Complaint names the proper defendants, the Plaintiff argues that the Debtor's bankruptcy case in Delaware is the proper venue to resolve his claims.

    1.    <u>Insufficient Service</u>

Rule 7012 of the Federal Rules of Bankruptcy Procedure makes Rule 12 of the Federal Rules of Civil Procedure applicable to adversary proceedings. Fed. R. Bankr. P. 7012; Fed. R. Civ. Pro. 12. A party may file a motion to dismiss under Rule 12 for, <u>inter alia</u>, lack of personal jurisdiction and insufficient service of process. Fed. R. Civ. Pro. 12(b)(2) & (5). Service of a summons must occur before a federal court may exercise personal jurisdiction over a defendant. <u>Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.</u>, 484 U.S. 97, 104 (1987).

Rule 7004 of the Bankruptcy Rules of Procedure incorporates the service requirements of Rule 4 of the Federal Rules of Civil Procedure in adversary proceedings. Fed. R. Bankr. P. 7004(a); Fed. R. Civ. P. 4. A corporation is properly served when a copy of the complaint and Summons and Notice are delivered to the

attention of "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Bankr. P. 7004(a); Fed. R. Civ. P. 4(h).  Both the complaint and the summons and notice must be served together within 90 days of the filing of the complaint.  Fed. R. Civ. P. 4(m).  Failure to do so requires a court to either dismiss the complaint without prejudice against the defendant or to order service to be effectuated within a certain time.  Id.

The Liquidating Trust asserts that the Plaintiff's failure to serve a copy of the Complaint and Summons and Notice within 90 days warrants the Complaint's dismissal.  Although the Liquidating Trust acknowledges that it attended the pretrial hearing in November, it contends that it only did so because it obtained a copy of the transcript from the October hearing.  The Liquidating Trust argues that its attendance did not cure the jurisdictional defect.

The Plaintiff argues that the mere fact that the Liquidating Trust attended the hearing establishes that the Debtor and other defendants were properly served.  The Plaintiff notes that the docket shows an entry on November 30, 2016, for a Summons and Notice of pretrial hearing, which attaches his Certificate of Service of the same.  (Adv. D.I. 6.)

6

The Court finds that the Plaintiff did not properly serve the Complaint and Summons and Notice on the Debtor or the Liquidating Trust in accordance with Rule 4. The Certificate of Service of the Summons and Notice does not show any service on the Debtor or the Liquidating Trust. (Adv. D.I. 6.) Nor does that reflect that any defendant in the adversary proceeding was served; in fact, none of the entities identified on the Certificate of Service are named as defendants in the Complaint. (Id.)

Further irregularities are evident. First, although the Certificate of Service was docketed on November 30, 2016, the Summons and Notice reflects the date for the pretrial hearing held on October 12. Second, the Certificate of Service reflects that one entity was served on June 9, 2016, although the Complaint was not filed until August 9, 2016. That entity is not identified (and was served at a post office box). See Fed. R. Bankr. P. 7004(b)(3) (service on a corporation requires mailing to the attention of an officer, a managing or general agent, or on any other agent authorized to receive service). The other two entities (GMAC and Sams Club) reflected on the Certificate of Service were either served after the October 12 pretrial hearing or at an unidentified date.

Generally, pro se litigants are afforded some latitude in adversary proceedings. However, there are limits to the leeway

7

that can be afforded to pro se parties. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (requiring pro se litigants to "serve process on the correct defendants" and preventing pro se litigants from "flout[ing] procedural rules" that apply to all other litigants).

In this case, the limits have been exceeded. More than 200 days have passed since the Complaint was filed, without it being properly served on the Liquidating Trust or Debtor. This is despite the fact that the Court gave the Plaintiff explicit instructions on whom to serve at the October pretrial hearing and an extension of time to effectuate proper service. (Adv. D.I. 8, Ex. B.) Therefore, the Court will grant the Liquidating Trust's Motion to Dismiss for lack of service. See McNeil v. United States, 508 U.S. 106, 113 (1993) (stating that procedural rules in ordinary civil litigation should not be interpreted so as to excuse mistakes by those who proceed without counsel).

2. Failure to State a Claim

Even if service had been effectuated in accordance with Rule 4, the Liquidating Trust contends that the Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim against the Debtor or its successor, the Liquidating Trust. The Plaintiff merely disagrees and asserts that the defendants named in the Complaint are shifting blame to each other to get the case dismissed on a technicality.

Rule 7012 of the Federal Rules of Bankruptcy Procedure makes Rule 12 of the Federal Rules of Civil Procedure applicable to adversary proceedings. Fed. R. Bankr. P. 7012; Fed. R. Civ. Pro. 12. A defendant can seek to dismiss a complaint under Rule 12(b) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. Pro. 12(b)(6). Although a complaint need not contain "detailed factual allegations," a complaint should include a "short and plain" statement showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8. See also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). A plaintiff satisfies this requirement when the complaint is facially plausible. Iqbal, 556 U.S. at 678.

The plausibility standard is met when the factual content allows a court to draw reasonable inferences about the defendant's liability for the alleged misconduct. Id. This requires all factual allegations in the complaint and reasonable inferences derived therefrom to be accepted as true and viewed in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Legal conclusions and formulaic recitations of elements of a cause of action may be disregarded. Id. See also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Ultimately, a Rule 12(b)(6) motion is a context-specific analysis that allows a

9

court to draw on its "judicial experience and common sense." Iqbal, 556 U.S. at 679.

The Liquidating Trust asserts that the Complaint alleges that the Plaintiff's dispute is with either WaMu Bank or JPMorgan. According to the Liquidating Trust, the Debtor has not been the holding company for WaMu Bank since JPMorgan purchased it in September 2008. Even if the Debtor were still the parent of WaMu Bank, the Liquidating Trust asserts that the Plaintiff does not allege facts sufficient to establish that the corporate veil should be pierced to hold the parent company (the Debtor) liable for the conduct of its indirect subsidiary (WaMu Home Loans). The Plaintiff disagrees with the Liquidating Trust's contentions and argues that its Complaint should not be dismissed because he believes that the Debtor is the proper defendant.

Delaware's choice of law rules give deference to the state of incorporation to determine the relationship between a corporate entity and its stockholder. Rosenmiller v. Bordes, 607 A.2d 465, 468-69 (Del. Ch. 1991). The Debtor, WaMu Bank, and WaMu Home Loans were incorporated in Washington state. Thus, Washington law on piercing the corporate veil applies.

The Court finds that the Complaint does not state a claim for relief against the Debtor, or the Liquidating Trust, as successor in interest to the Debtor. Taking the facts in the Complaint as true, the Plaintiff asserts that the note for its

10

mortgage was executed with WaMu Home Loans, a WaMu Bank subsidiary. The Plaintiff has failed to set forth any facts in the Complaint to show that the corporate form of WaMu Home Loans or WaMu Bank should be ignored. See, e.g., In re Wade Cook Fin. Corp., 375 B.R.580, 598-99 (B.A.P. 9th Cir. 2007) (Washington courts recognize parent corporation is a separate legal entity from its subsidiary corporation); Youkelsone v. Washington Mutual, Inc. (In re Washington Mutual, Inc.), 418 B.R. 107, 112 (Bankr. D. Del. 2009) (holding that WaMu Bank was a separate legal entity from its parent, Washington Mutual, Inc.). Further, JPMorgan, not the Debtor, is currently, and was at the time of the alleged improper acts relating to the Plaintiff's eviction, the holding company of WaMu Bank and indirectly of WaMu Home Loans. Therefore, the Court will dismiss the Complaint for failure to state a cause of action against the Debtor or the Liquidating Trust.

    3.   Transfer of Venue

The Liquidating Trust concurrently moves to transfer venue of the adversary proceeding to the District of New Jersey where the Plaintiff's bankruptcy case is pending. The Plaintiff opposes the transfer, asserting that the Debtor's bankruptcy case in Delaware is the proper forum.

The Liquidating Trust's request to transfer venue is moot because the Court is granting its Motion to Dismiss for improper

11

service and failure to state a claim.  See Victory Int'l v. Perry Ellis Int'l, No. 07-0375 (WHW), 2008 WL 65177, at *9 (D.N.J. Jan. 2, 2008) (explaining that the transfer of venue issue is only relevant as to the remaining defendants and not the defendant who was dismissed for lack of personal jurisdiction).

However, a court may sua sponte "transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" when it is in the interest of justice and convenient for the parties and witnesses.  28 U.S.C. § 1404(a) (West 2011). See Robinson v. Town of Madison, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.").

Here, the Court finds that justice, fairness, and convenience of the parties all weigh in favor of transferring venue of the Complaint for the remaining defendants to the Bankruptcy Court in New Jersey where the Plaintiff's chapter 13 case is pending.  The Complaint will have no effect on the administration of the Debtor's bankruptcy case in Delaware because it has been dismissed as to the Debtor.  Any substantive resolution of the Complaint as to the remaining defendants will, however, have an effect on the Plaintiff's individual bankruptcy case because the Plaintiff listed the mortgage at issue as a

12

secured claim in his chapter 13 case.  Additionally, the Plaintiff is a New Jersey resident, the property is in New Jersey, the note that is the subject of dispute was executed in New Jersey, and the eviction proceedings of which the Plaintiff complains occurred in New Jersey.  Therefore, the Court finds that transferring venue is warranted based on justice, fairness, and convenience of the parties.

IV.  CONCLUSION

For the reasons set forth above, the Court will grant the Defendant's Motion to Dismiss and will transfer venue sua sponte.

An appropriate Order follows.

Dated: September 19, 2017        BY THE COURT:

*Mary F. Walrath*
Mary F. Walrath
United States Bankruptcy Judge